UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RASHAWN DION HUTCHINS,

    Plaintiff,

v.                                     Case No. 8:09-cv-1259-T-33MAP

BILL McCOLLUM, J. DALE DURRANCE,
STEVAN T. NORTHCUTT,
A. WALTER McNEIL,

    Defendants.

_____

## **ORDER**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's claims are in the nature of habeas corpus. Plaintiff previously has filed three 28 U.S.C. § 2254 petitions for writ of habeas corpus: 8:98-cv-1902-T-24MAP; 8:98-cv-2379-T-23EAJ; 8:07-cv-2127-T-26TBM.[1]

---

[1] In denying the petition in case number 8:07-cv-2127-T-26TBM, the Court wrote:

    The Court has for its consideration Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which he challenges convictions and sentences imposed by the Tenth Judicial Circuit of Polk County, Florida. The Petition is due to be dismissed for two reasons.

    First, Petitioner has previously challenged these same convictions and sentences

Plaintiff names as Defendants the Attorney General of the State of Florida, Bill McCollum; Circuit Judge J. Dale Durrance; Chief Judge of the Second District Court of Appeals, Stevan T. Northcutt; Secretary of the Department of Corrections, A. Walter McNeil.

## DISCUSSION

In 1994, Plaintiff was convicted and sentenced for the crimes of robbery with a deadly weapon and felon in possession of a firearm by the Circuit Court, Polk County, Florida. At the same time, he was convicted and sentenced for the crimes of robbery with a deadly weapon and grand theft that took place in Hillsborough County, Florida. Plaintiff was sentenced to life imprisonment.

In his present complaint, Plaintiff alleges that on July 8, 1994, the prosecutor "introduced (2) prior 1993 convictions for the purpose of seeking a [sic] enhanced sentence, that is invalid for such purpose." He further claims that on appeal, "Judge Dale J. Durrance denied claim on March 22, 2007 without any factual law in support." Plaintiff Hutchins claims that the per curiam affirmance in his 2007 appeal "had no relevance and is in direct conflict with the plaintiff's cause of action." Plaintiff Hutchins contends that

---

in a federal habeas petition filed in this court in case number 98-2370-Civ-T-23. The docket reflects that the petition was dismissed as time-barred on November 30, 1998, and Petitioner did not seek further review to the Eleventh Circuit Court of Appeals. Consequently, because he filed the instant petition directly with this Court without first obtaining authorization from the Eleventh Circuit as required by 28 U.S.C. § 2244(b)(3)(A), the petition is due to be dismissed for lack of jurisdiction. See *McCallum v. McDonough*, 2007 WL 3355476 *2 (11th Cir. Nov. 14, 2007).

Second, Petitioner presents only one issue for the Court's consideration - whether the state trial court erred in sentencing him as an habitual felony offender based on juvenile delinquency adjudications. Because this claim involves an issue of state sentencing procedures, it is not cognizable in a federal habeas proceeding. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

"judicial abuse has occurred and that the judges presiding over his appeal abused their discretion." Finally, he contends that he has been "denied due process and equal protection of the laws."

Plaintiff seeks injunctive relief. He wants this Court to enter judgment declaring that Defendants violated his Fifth and Fourth Amendment rights by per curiam affirming his 2007 appeal because the Florida Supreme Court "chose not to entertain the plaintiff's claim because of the per curiam affirmance denial by the Court of Appeals." It appears that Plaintiff seeks a new sentencing hearing in the Tenth Judicial Circuit.

As stated above, Plaintiff's claims are in the nature of habeas corpus. This Court has previously denied habeas corpus relief and the denial of relief was affirmed by the United States Court of Appeals for the Eleventh Circuit. Plaintiff cannot now raise habeas corpus claims challenging his conviction and sentence in a 42 U.S.C. § 1983 civil rights complaint.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to terminate all motions, to enter judgment against Plaintiff, and to close this case.

ORDERED at Tampa, Florida, on July 7, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Rashawn Dion Hutchins